IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

    v.                              Case No. 2:19-cr-147

Jayvon G. Smith

OPINION AND ORDER

     Defendant was charged by an indictment returned on June 27, 2019, with being a felon in possession of a firearm. On June 28, 2020, the magistrate judge entered an order of detention. Defendant entered a guilty plea to Count One of the indictment on October 23, 2019. The sentencing hearing was originally scheduled on March 26, 2020. However, the hearing has been continued twice on motion of the defendant to permit counsel to obtain records from the Social Security Administration. The sentencing hearing is currently scheduled on July 10, 2020. This matter is now before the court on the defendant's motion for release from custody due to the COVID-19 pandemic. Defendant seeks to be released on home detention to reside with his mother. The government has filed a response in opposition to the motion.

     Defendant does not contest the basis for the original order of detention. The pretrial services officer recommended that defendant be detained. See Doc. 43. The officer concluded that defendant posed a risk of nonappearance and of danger to the community due to his history of mental illness (he has been diagnosed with bipolar disorder and schizophrenia); substance abuse (marijuana); criminal activity while under supervision (his supervision on a state charge was revoked in 2017); the nature of the pending charge; pretrial release noncompliance (a bond revocation on a 2016 weapon under disability charge and a bench

warrant on a 2013 state charge); his criminal history (convictions for theft, trafficking in drugs, drug possession and possession of drug paraphernalia and two convictions for weapon under disability); and his history of weapons use. Defendant is unemployed and on social security disability due to epilepsy. Based on these circumstances, the magistrate judge concluded that the government had proven that no condition or combination of conditions would reasonably assure the safety of the community and the defendant's appearance. Doc. 13.

The court agrees with the findings of the magistrate judge. Defendant has pleaded guilty to the offense charged in the indictment. The agreed statement of facts attached to the plea agreement indicates that defendant was the driver of a vehicle parked in the Linden area on June 10, 2019. When police officers approached the vehicle, they observed bags of marijuana in plain sight on the center console. Defendant was holding a stack of money. When the officers removed defendant from the vehicle, they observed a firearm in the driver's side door compartment. The firearm was determined to be a loaded .380 caliber semi-automatic handgun with an obliterated serial number. Two ounces of marijuana and two digital scales were recovered from the vehicle (one of the scales was in the possession of the passenger).

Because defendant has pleaded guilty, his detention is governed by 18 U.S.C. §3143(a), which provides:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence ... be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released[.]

18 U.S.C. §3143(a).  Based upon the record in this case, the court cannot find by clear and convincing evidence that defendant is not likely to flee or to pose a danger to the community.  Defendant's prior criminal record and the circumstances of the present charge indicate that he poses a danger to the community.  He is facing a guideline sentence of 57 to 71 months in this case, and has a history of failing to appear, which indicates an increased risk that he will flee.

Even if this court were not required to apply the standards in §3143(a), the court finds that defendant has not shown grounds for his release on bond.  Defendant alleges that he should be released on home confinement due to concerns about COVID-19.  He is twenty-four years old.  He alleges that he suffers from epilepsy and high blood pressure, and that he has been diagnosed with bipolar disorder, schizophrenia, depression anxiety, and post-traumatic stress disorder.  However, citing a website for the Centers of Disease Control and Prevention ("CDC") concerning COVID-19, the government notes that none of these conditions is listed by the CDC as rendering an individual at higher risk for contracting the disease.  Defendant has presented no evidence of any significant outbreak of COVID-19 in his facility.  The government indicates that, at this time, only one inmate has tested positive for COVID-19 at the Butler County Jail.  The government notes that this facility has completely suspended visits by everyone except attorneys and attorneys are not permitted to be in the same room with their clients.  There is no evidence that the facility is unprepared to implement suitable quarantine procedures for inmates who test positive.

Defendant has also not established how releasing him on home confinement will present any lesser risk of contracting COVID-19. Placing defendant on home confinement would not prevent others from visiting him at his residence and exposing him to the disease. His release on home confinement would create an additional risk of exposure to the disease for the pretrial service officer assigned to monitor him. Defendant's criminal record, substance abuse history, and mental health conditions cast doubt on whether he would comply with any shelter-in-place restrictions. Thus, defendant's release in the community would not guarantee defendant's safety and good health.

The court concludes that defendant's continued detention is warranted based on the relevant statutory factors. There is clear and convincing evidence that defendant's release on home confinement would pose a danger to the safety of others in the community and would not assure defendant's appearance for sentencing. Defendant's motion for release on bond due to COVID-19 (Doc. 41) is denied.

Date: April 23, 2020                    s/James L. Graham
                                        James L. Graham
                                        United States District Judge